**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0383-23

COZY COVE MARINA, INC.,
incorrectly pled as Cozy
Cove Properties, Inc.,
and LINDA TAVARES,

     Plaintiffs-Respondents,

v.

NELSON PROPERTIES
PARTNERSHIP (d/b/a
Nelson Marine Basin, Inc.),
JENNY NELSON
SCARBOROUGH,
GORDON NELSON, and
MARTHA B. NELSON,
individually and jointly,

     Defendants-Appellants.

_____

Argued September 17, 2024 – Decided October 4, 2024

Before Judges Gilson and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. C-000095-21.

Richard C. Sciria argued the cause for appellants (Hanlon Niemann & Wright, PC, attorneys; Richard C. Sciria, of counsel and on the briefs).

Michael K.W. Nolan argued the cause for respondents (Carluccio Leone Dimon Doyle & Sacks, LLC, attorneys; Michael K.W. Nolan, of counsel and on the brief).

PER CURIAM

In this adverse possession action, defendants Nelson Properties Partnership, doing business as Nelson Marine Basin, Inc. (Nelson Properties), Jenny Nelson Scarborough, Gordon Nelson, and Martha B. Nelson[1] (collectively defendants) appeal from an August 23, 2023 Law Division order granting summary judgment on plaintiffs Cozy Cove Marina, Inc.'s (Cozy Cove) and Linda Tavares's (collectively plaintiffs) second amended verified complaint[2] and dismissing defendants' counterclaim with prejudice. We affirm.

---

[1] Regrettably, Martha B. Nelson passed away. She was an owner, partner, shareholder, and agent of Nelson Properties. The record indicates that Martha's interests are now vested in her estate.

[2] Mark Nelson is an owner, partner, shareholder, and agent of Nelson Properties but was not named in the second amended verified complaint as a defendant. That omission is not germane to our decision.

A-0383-23

I.

In addressing the arguments as to summary judgment, we accept defendants' version of the facts and grant them the benefit of all favorable inferences. R. 4:46-2; Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). Both plaintiffs and defendants own and operate full-service marinas, including boat slips, docking areas, and repair, fuel, and convenience services. Plaintiffs' marina is located on Holly Lake in the Borough of Island Heights (the Borough). Plaintiffs have owned their lakebed land and operated their businesses for over sixty years.

Defendants' marina is located on adjacent lands on Holly Lake. Gordon Nelson is the majority owner, partner, shareholder, and agent of Nelson Properties, and Jennifer Nelson Scarborough is an owner, partner, shareholder, and agent. Defendants' real property is known as 12 Lake Drive, block 50, lots 4 and 13. The parties' properties cover almost all the shoreland area of Holly Lake, a man-made lake, with access to the Toms River waterway.

Tavares's parents, Joseph and Mary Tavares, purchased and began operating Cozy Cove in 1972. The subject property was originally owned by the Borough. On January 22, 2004, Joseph and Mary Tavares deeded the property to Linda Tavares. On November 16, 2022, she conveyed the property

to Cozy Cove. Since 1972, Cozy Cove maintained pilings, docks, piers, and a floating dock, portions of which were situated on lakebed land outside the property plaintiffs owned. The property in question, subject to plaintiffs' adverse possession claim, is less than one-third of an acre and is exclusively water bound within Cozy Cove's pilings, docks, piers, and catwalks. Plaintiffs' property is adjacent to and abuts portions of defendants' property.

In 1999, Nelson Properties filed a lawsuit against the Borough[3] addressing claims emanating from conditions imposed in a Planning Board/Board of Adjustment Resolution of Approval regarding a minor site plan application filed by Nelson Properties. The Borough filed a counterclaim against Nelson Properties alleging improper "entry and utilization of Holly Lake owned by the Borough."

On November 19, 2001, Nelson Properties and the Borough settled the litigation under which Nelson Properties entered into a seven-year lease agreement with the Borough with what Nelson Properties stated was "an option to purchase Holly Lake for $90,000.00." According to defendants, the option to

---

[3] Nelson Marine Basin, Inc., et al. v. The Borough of Island Heights, et al., Docket No. OCN-L-2921-99. This complaint is not contained in the record.

purchase Holly Lake included the "riparian encroachment"[4] alleged by plaintiffs to be subject to adverse possession. On April 12, 2007, Nelson Properties alleges that they exercised the option and purchased Holly Lake from the Borough.

Defendants maintain that plaintiffs have a full dock with a 3,000-gallon tank, which generates revenues from fuel sales and was available to the public to dock and fuel marine vessels. Defendants assert that plaintiffs' fuel dock contained a pump station for use by the public to dispose of sewage waste from marine vessels in accordance with the Clean Vessel Act of 1992, 33 U.S.C. § 1332 and the New Jersey Clean Vessel Act (NJCVA) Program, N.J.S.A. 23:2B-3; 23:2B-6; and 23:2B-7.[5] Defendants contend plaintiffs' pump station was funded under the NJCVA, and thus required reasonable access to the public.

---

[4] We note the term "riparian encroachment" is used by defendants in the record. In their more specific answers to interrogatories, plaintiffs object to the term "riparian encroachment" and state the issue is "adverse possession."

[5] Relevant here, the NJCVA provides grants "for the construction, renovation, operation, and maintenance of pumpout stations and dump stations and for educational programs that inform boaters of the importance of proper disposal of their sewage." Clean Vessel-Pump Out Facilities, Dept. of Env't Prot., https://dep.nj.gov/grantandloanprograms/clean-vessel-pump-out-facilities/ (last visited Sept. 30, 2024); see About NJboating.org, NJboating.org, https://njboating.org/about-us/#:~:text=The%20clean%20vessel%20Act%20 Program,of%20proper%20disposal%20of%sewage (last visited Sept. 30, 2024).

A-0383-23

Defendants claim plaintiffs currently have a "ship store" in which public vessels can dock and purchase items at the store.

Defendants also assert the only way public marine vessels can enter Cozy Cove to access the pump station, fuel dock, and its other facilities is by travelling across Holly Lake, which defendants own. Defendants also claim that portions of plaintiffs' piers, docks, and pilings extend beyond their property line and encroach into defendants' property on Holly Lake. In addition, defendants maintain that plaintiffs constructed and use a floating dock encroaching on defendants' property, which was constructed without defendants'—or the prior owners'—consent.

Plaintiffs counter the Borough "owned the land under the private body of water known as Holly Lake," and when the Borough transferred title to their respective portions of Holly Lake to Cozy Cove and Nelson Properties, "at no time was Holly Lake ever used or dedicated to any public purposes."

On October 10, 2014, prior counsel for defendants sent a letter to Cozy Cove, which stated:

> Please be advised that this office has been retained to represent Nelson Properties, Island Heights, New Jersey. Our client owns property which immediately adjoins your [m]arina. In reviewing, with our client, current survey information, as well as the tax maps and title records contained in the Ocean County Clerk's

6

Office, we discovered encroachments by you upon our client's property.

Specifically, the encroachments are occurring on our client's [l]ot 5.01. The encroachments include pilings and docks which have been improperly installed. For point of reference, the docks are located on the tax map which we have attached to this letter. The pilings which are improperly installed are also indicated on the tax map.

Please accept this letter as a formal demand that these encroachments onto our client's property be removed. If you have any questions concerning the encroachments, or their precise location, please do not hesitate to contact this office. We assume that they will be removed within a reasonable period of time.

Defendants contend that plaintiffs refused to remove their encroachments on their property, despite their demand.

On June 7, 2021, plaintiffs filed a complaint against defendants seeking a declaration of adverse possession. Plaintiffs amended their complaint twice. On September 14, 2022, plaintiffs filed a second amended verified complaint for "adverse possession (quiet title action)," the operative pleading under review. Plaintiffs alleged they and their predecessors in title have "continuously, openly, and notoriously operated the property in its current configuration since at least 1972." Based on a May 26, 1998 survey by Ronald W. Post Surveying, Inc.,

7

plaintiffs averred certain portions of their improvements, "such as docks, piers, and/or pier pilings extend beyond [p]laintiffs[1] [historical] property line."

Plaintiffs also asserted they are the "owner by adverse possession of the riparian encroachment including all docks, pilings, and piers in question." Plaintiffs claimed they established a right to the subject tidelands and riparian encroachment by adverse possession, and the Borough and State of New Jersey Bureau of Tidelands never challenged plaintiffs' use of the tidelands or possession of the riparian encroachment. On October 18, 2022, defendants filed a counterclaim seeking to eject plaintiffs. The record shows this was the first ejectment action filed by defendants against plaintiffs.

The parties cross-moved for summary judgment. They agreed that there were no material issues of disputed facts, and the matter was a question of law, and ripe for summary judgment. Plaintiffs moved for summary judgment on the grounds the encroachment of their "piers, docks, pilings, and other associated improvements extend beyond [their] property and encroach[] onto the land which Nelson [Properties] purchased from the Borough." According to Linda Tavares's moving certification, the encroachment has existed since 1972 when her parents purchased Cozy Cove and its use has been "continuous, adverse, visible, open and notorious."

Plaintiffs also contended that "at no time during their roughly [fifty] years of ownership did either the Borough or Nelson [Properties] take any meaningful action to eject Cozy Cove from the encroachment area." Plaintiffs sought fee ownership of the encroachment area by operation of adverse possession under New Jersey law.

In a reply certification submitted by Gordon Nelson, defendants countered that plaintiffs are not entitled to adverse possession for three reasons: (1) the riparian encroachment area was dedicated to a public purpose; (2) the October 10, 2014 letter their previous lawyer sent to plaintiffs effectively tolled the statute of limitations on the adverse possession claim; and (3) plaintiffs initiated this lawsuit before the thirty-year period of adverse possession had run.

On August 4, 2023, the motion court heard oral argument on the motions and reserved decision. On August 23, 2023, the motion court entered a final order of judgment accompanied by a cogent written opinion. The motion court found in favor of plaintiffs and entered a judgment of adverse possession "for that portion of . . . defendant['s] property which [plaintiffs have] possessed since 1972." In particular, the motion court determined "this possession was open, hostile, notorious and indeed known to . . . defendants" and defendants "failed to take appropriate action to protect [their] property interest."

9

The motion court further found during the time of "municipal ownership and particularly between that date of the <u>Devins</u>[6] decision in 1991 to the time . . . the Borough conveyed the subject property to Nelson [Properties] in 2007, the property was not dedicated to a public use and thus subject to adverse possession claims of plaintiffs." The motion court noted the "unique circumstances" of plaintiffs' encroachment onto defendants' riparian lands and limited plaintiffs' adverse possession claim "to that portion of the subject premises," situated in lot 6.01 in block 50. The motion court directed plaintiffs to prepare a survey, which depicts the extent of their fee ownership with a metes and bounds description to be recorded with the Ocean County Clerk's Office. This appeal followed.

On appeal, defendants primarily reprise the arguments they presented on summary judgment. Defendants ask us to consider whether the motion court erred: (1) in granting plaintiffs' motion for summary judgment because defendants assert the subject riparian encroachment was dedicated or used for a public purpose; (2) in granting plaintiffs' motion for summary judgment because defendants provided written notice and demand that plaintiffs remove their encroachments within the thirty-year adverse possession statutory period; and

_____

[6] <u>Devins v. Borough of Bogota</u>, 124 N.J. 570 (1991).

(3) in granting plaintiffs' motion for summary judgment because plaintiffs initiated this litigation before their claim for adverse possession was ripe.

## II.

Adverse possession is a method of acquiring title through the expiration of statutes of limitation which bar an ejection action and pass title to the property from the record owner to the possessor. Patton v. N. Jersey Dist. Water Supply Comm'n, 93 N.J. 180, 186 (1983); O'Keeffe v. Snyder, 83 N.J. 478 494 (1980); Stump v. Whibco, 314 N.J. Super. 560, 576 (App. Div. 1998). The adverse possession must be "exclusive, continuous, uninterrupted, visible and notorious" for the statutory period to run. Mannillo v. Gorski, 54 N.J. 378, 386 (1969). The statutes governing acquisition of ownership through adverse possession vary according to the nature of the subject land and whether the claim is based on color of title. N.J.S.A. 2A:14-6 to -7; N.J.S.A. 2A:14-30 to -31. In this case, the statutory period for vesting title is thirty years.[7]

---

[7] The applicable statute reads:

> Thirty years' actual possession of any real estate excepting woodlands or uncultivated tracts, and sixty years' actual possession of woodlands or uncultivated tracts, uninterruptedly continued by occupancy, descent, conveyance or otherwise, shall, in whatever way or manner such possession might have commenced

11                                                    A-0383-23

Defendants argue the motion court erred in granting plaintiffs' motion for summary judgment because the subject riparian encroachment was dedicated or used for a public purpose. Defendants assert the property at issue here "was dedicated and used by the public" since Cozy Cove "previously contained a fuel dock on its property served by a 3,000[-]gallon tank." Gordon Nelson certified that he "personally witnessed boats not belonging to Cozy Cove . . . travel through Holly Lake and the subject [r]iparian [e]ncroachment [a]rea to fuel their boats."

Defendants also contend that the pump station at Cozy Cove was used by the public to dispose of waste from marine vessels under the NJCVA. In order for "public" marine vessels to enter Cozy Cove to access its fuel dock and pump station, defendants argue the vessels had to traverse through the riparian encroachment area. "Upon information and belief," and without providing substantive proof, defendants contend Cozy Cove's pump station was "for use

> or have been continued, vest a full and complete right
> and title in every actual possessor or occupier of such
> real estate, woodlands, or uncultivated tracts, and shall
> be a good and sufficient bar to all claims that may be
> made or actions commenced by any person whatsoever
> for the recovery of any such real estate, woodlands, or
> uncultivated tracts.
>
> [N.J.S.A. 2A:14-30.]

12

by the public" and "funded under the NJCVA." Citing the Supreme Court's decision in <u>Devins</u>, defendants aver the purported public funding Cozy Cove ostensibly received from the New Jersey Department of Environmental Protection under the NJCVA is "evidence of a dedication of the subject area with the intent to devote it for a public purpose."

In <u>Devins</u>, the Town of Bogota acquired the disputed property, a twenty-five by one-hundred-foot lot, through foreclosure in 1962. <u>Devins</u>, 124 N.J. at 572. At the time Bogota acquired the land, the lot was vacant. <u>Ibid</u>. When the plaintiffs brought their adverse possession claim against Bogota some twenty years later, the lot was still vacant, and Bogota had not dedicated its use to a public purpose. <u>Ibid.</u> The plaintiffs had open and consistent use of the lot since 1965, and had made substantial improvements on the property, including building a shed, a basketball net, and paving a portion of the lot for parking. <u>Id.</u> at 573. The Court concluded that "the nullum tempus[8] exception to adverse possession should not be extended to include land held by a municipality for non-governmental purposes." <u>Id.</u> at 575-76.

_____

[8] The Latin phrase known fully as nullum tempus occurrit regi, and often shorted to nullum tempus, translates to "[t]ime does not run against the king." <u>Devins</u>, 124 N.J. at 575 (quoting <u>Black's Law Dictionary</u> 1068 (6th ed. 1990)).

<span style="float:right">A-0383-23</span>

The matter under review is distinguishable from <u>Devins</u> for a number of reasons. Most significantly, the disputed property had not been put to public use after the <u>Devins</u> decision. The record shows Holly Lake is used by boaters, but there is no evidence that the Borough ever dedicated the submerged land to or for the public use. Moreover, use of Holly Lake for access to Cozy Cove and Nelson Properties' marinas does not convert the lakebed into public property. See <u>Twp. of Middletown v. Simon</u>, 193 N.J. 228, 240 (2008) (holding dedication is "the permanent devotion of private property to a sue that concerns the public in its municipal character") (quotation omitted).

Defendants have not presented any proof that the Borough relinquished ownership and control over the lakebed. Our de novo review of the record reveals no evidence that the Borough ever dedicated the subject property to the public use. Defendants' argument inappropriately asks us to interpret and expand the scope of <u>Devins</u> to conclude the public's use of the water above the lakebed to access Cozy Cove—and Nelson Properties' marinas—constitutes a dedication. We reject defendants' argument because <u>Devins</u> does not support that premise.

What defendants refer to as "evidence of a dedication of the subject area with the intent to devote it for a public purpose" is an inaccurate description of

14

Cozy Cove's operations. As plaintiffs point out, to accept defendants' argument means that defendants also do not own their property. The public can traverse those areas to access fuel stations and other amenities at both parties' marinas. That use, as the motion court aptly observed, does not make the parties' properties areas used for public purposes. Therefore, we reject defendants' argument.

III.

Next, defendants contend plaintiffs' motion for summary judgment was improvidently granted because the October 10, 2014 letter sent by their prior counsel to Cozy Cove was sufficient to toll the adverse possession statute from running. We disagree.

Defendants maintain that the October 10, 2014 letter served as "action" to "eject" plaintiffs from occupying, possessing, or utilizing the subject property within the thirty year statute period. In defendants' view, the letter constituted a "formal demand" to plaintiffs to remove the encroachments on the subject property. Ejectment is a remedy used to remove a non-tenant or unwanted occupant from property. Phoenix Pinelands Corp v. Davidoff, 467 N.J. Super. 532, 615 (2021). An ejectment action involves filing a complaint in the Law

Division followed by court proceedings. N.J.S.A. 2A:35-1; see J & M Land Co. v. First Union Nat. Bank, 166 N.J. 493, 520-21 (2001).

In this case, the letter did not constitute a legal action. Moreover, the fact the letter was sent shows that the adverse possession claim is established because plaintiffs' use was actual, exclusive, adverse, and hostile. Patton, 93 N.J. at 186. Citing our Court's holding in J & M Land Co., the motion court observed: "After the . . . right of entry limitations became effective . . . the record owner could not wait more than [the statutory period] before seeking judicial assistance to regain possession." J & M Land Co, 166 N.J. at 504. The motion court was correct in its analysis. Sending the letter in and of itself does not constitute an action for ejectment and did not interrupt plaintiffs' adverse use of the subject property. Id.

### IV.

Finally, we reject defendants' argument that plaintiffs initiated their lawsuit before the thirty-year statutory period of adverse possession had run. Defendants maintain that the statutory period cannot include the Borough's period of ownership of the subject property. Defendants also assert that the thirty-year period had not run because: (1) the October 10, 2014 letter sent by

16

their prior counsel tolled the running of the time; and (2) plaintiffs commenced litigation one-month shy of the anniversary date of the <u>Devins</u> decision.

One goal of this State's adverse possession law is to quiet title and require diligence on the part of an owner to take affirmative, decisive action to defend their possession and title. <u>Id.</u> Sending a letter does not suffice. Here, the critical date is when defendants filed their counterclaim for ejectment. That ejectment claim was filed in October 2022—almost a year-and-a-half after plaintiffs filed their original complaint for adverse possession. As aptly noted by the motion court, by that time, the thirty-year statutory period had run.

We conclude defendants' remaining arguments—to the extent we have not addressed them—lack sufficient merit to warrant any further discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0383-23